IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL ATTAWAY,

        Plaintiff,

v.

JOHN and JANE DOES,

        Defendants.

Case No. 3:23-CV-3261-NJR

# ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

Plaintiff Micheal Attaway has filed a *pro se* Complaint naming five John and Jane Does as Defendants. (Doc. 3). Along with his Complaint, Attaway filed a Motion for Leave to Proceed *in forma pauperis*, in which he seeks to proceed without prepayment of the filing fees. (Doc. 4). Attaway alleges that on February 2, 2022, an Amazon driver in an 18-wheeler hit his vehicle and left the scene of the accident. (Doc. 3 at p. 8). The Illinois State Police were called, but no one ever arrived to help. (*Id.*). Attaway went to Crawford Memorial Hospital and Chicago Med Hospital, but both hospitals refused to treat him. (*Id.*). Attaway then went to Carle Foundation Hospital, where he was provided with only minimal care. (*Id.*). Attaway names the unknown Amazon driver, the unknown Illinois State Police 911 dispatcher, and the unknown employees at Crawford Memorial Hospital, Chicago Med Hospital, and Carle

Foundation Hospital as John and Jane Doe Defendants. As relief, he requests $2,000 in compensatory damages and $80,000 per Defendant in punitive damages. (*Id.* at p. 9).

Because Attaway has not raised any issues involving the Constitution or a federal law, *see* 28 U.S.C. § 1331, federal subject matter jurisdiction is only proper if diversity jurisdiction exists among the parties. *See* 28 U.S.C. § 1332. For this Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the matter must be between citizens of different states. *Id.*

"Because the prerequisites for diversity jurisdiction must be proved and not presumed, John Doe defendants are ordinarily forbidden in federal diversity suits." *Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018) (citing *Howell ex rel. Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997)). An exception to that rule applies when the John Does are merely placeholders for additional defendants that may be added to the lawsuit through discovery. *Id.* Here, however, the *only* named Defendants are John and Jane Does. Thus, it is impossible for the Court to determine whether the parties are citizens of different states.

Even if the Court were able to determine Defendants' citizenship, the Court is not convinced that Attaway could satisfy the amount-in-controversy requirement. Attaway claims only $2,000 in compensatory damages, which is far below the $75,000 required for federal subject matter jurisdiction. While he also seeks $80,000 in punitive damages from each Defendant[1] for his apparent negligence claims, that amount is 40 times the amount of

---

[1] Where there are two or more defendants, a plaintiff may aggregate the amount of claimed damages only if the defendants are jointly liable; however, if the defendants are severally liable, the plaintiff must satisfy the amount in controversy requirement against each individual defendant. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 548 (7th Cir. 2008). Because Defendants here are not alleged to be jointly liable for any action or inaction, Attaway must satisfy the amount in controversy for each Defendant.

claimed actual damages. The Supreme Court has stated that punitive damages exceeding a single-digit ratio—more specifically, a 4-to-1 ratio—might be unconstitutional. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 552 (7th Cir. 2008) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). For Attaway to satisfy the amount-in-controversy requirement, he would need to obtain $73,000 in punitive damages—a ratio of 37.5 to 1. Because it is legally impossible for Attaway to obtain such a large punitive damages award, the Court finds that he cannot meet the amount-in-controversy requirement. *See Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 893 (7th Cir. 2003) ("[W]hen a federal court is convinced to a legal certainty that punitive damages that form a necessary component of the amount-in-controversy requirement cannot be obtained, the court must dismiss the case for want of jurisdiction."). *Id.* at 894.

For these reasons, the Complaint filed by Plaintiff Micheal Attaway (Doc. 3) is **DISMISSED without prejudice**. Attaway's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED as moot**.

Attaway is **GRANTED** leave to file an Amended Complaint that properly pleads federal subject matter jurisdiction and to refile a motion for leave to proceed *in forma pauperis* on or before **November 13, 2023**. The failure to timely file an Amended Complaint will result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

DATED:   October 12, 2023

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**